1838.

Sedgwick
v.
Cleveland.

---

## SEDGWICK *vs.* CLEVELAND and others.

Where the defendant in a suit was ordered to attend before a master and to assign and deliver over his property to a receiver, on oath ; and previous to the time appointed by the master's summons the complainant made an assignment to a receiver, of all his interest in the subject of the suit, under an order made in another cause ; *Held*, that the suit had become defective, so that the complainant could not proceed therein before the master to compel the defendant to make the assignment, until the complainant's assignee was made a party, by a supplemental bill in the nature of a bill of revivor.

As a general rule, the real persons in interest must be the parties to a suit in chancery ; and where the complainant, after the commencement of a suit, makes an assignment of his interest, under the insolvent laws or otherwise, the assignee must be made a party before the suit can be further proceeded in.

Where the complainant assigns his interest in the suit pendente lite, if the defendant wishes to have the suit brought to a termination his proper course is, to apply to the court for an order that the assignee proceed and file a supplemental bill in the nature of a bill of revivor within such time as shall be prescribed by the court, or that the bill in the original suit be dis-

1838.

Sedgwick
v.
Cleveland.

missed. And due notice of the application should be given to the assignee as well as to the solicitor of the complainant.

If a defendant voluntarily assigns his interest in the subject of the suit pendente lite, the complainant is not bound to make the assignee a party, unless he thinks proper to do so. Aliter where the assignment is by operation of law; as in cases of bankruptcy or assignments under the insolvent acts.

Whether, if the adverse party proceeds in the suit after he has a knowledge that it has become defective by reason of an assignment, it will be a waiver of his right to have the assignee made a party; *quœre ?*

December 4.

This was an application for an attachment against Cleveland, one of the defendants, for not attending before a master and assigning and delivering over his property to the receiver appointed in this suit, according to the order of the court. The order was made in June, 1838, upon a creditor's bill; but the summons to attend before the master and make the assignment was not taken out and served upon Cleveland until about the 20th of October, returnable on the 29th of the same month; on which last day, and upon subsequent adjournments, Cleveland neglected to appear. In answer to the complainant's application, Cleveland showed that, previous to the issuing of the master's summons, a judgment creditor's bill had been filed against Sedgwick, the complainant, before the vice chancellor of the first circuit, at the suit of Thomas & Card.; that an order for the appointment of a receiver had been made in that suit, under which order the complainant in the present suit had, on the 13th of October, 1838, made a general assignment of all his property, effects, and things in action, both legal and equitable, to the receiver in the suit before the vice chancellor; and that such receiver, on the same day, had served upon Cleveland a notice of such assignment, and required him to pay all monies due to the complainant in the present suit, to such receiver. The counsel for Cleveland therefore denied the right of the complainant to proceed in this suit, or to compel an assignment to the receiver appointed therein; but Cleveland submitted the question to the court and offered to obey the decision and direction of the chancellor in the premises.

*A. Taber*, for the complainant.

*J. Wilkin*, for the defendant.

THE CHANCELLOR. If this had been the case of an assignment by the complainant under the insolvent acts, there could have been no possible doubt that the suit had abated; or rather that it had become so defective that the complainant could not proceed any further in his own name against the defendant, if the latter had thought proper to raise the objection. This court requires the real parties in interest to bring the suit, except in certain cases where the complainant represents the rights of those for whom the suit is brought, both legally and equitably, as in the case of executors, or of trustees, or assignees under the insolvent acts. And where the sole complainant, who originally brought the suit in his own name and not in auter droit, is discharged under the insolvent acts and makes an assignment of his property for the benefit of his creditors, the assignee must be made a party before the suit can be further proceeded in. (*Williams* v. *Kinder*, 4 *Ves. Rep.* 387.) The proper course for the defendant, in such a case, if he wishes to have the suit proceeded in or put an end to, is to apply to the court for an order that the assignee file a supplemental bill, in the nature of a bill of revivor, within such time as shall be prescribed by the court for that purpose, or that the complainant's bill be dismissed. And notice of such application should be served upon the assignee as well as upon the complainant in the original suit. (*Porter* v. *Cox*, 5 *Mad. Rep.* 80.) This proceeding is in analogy also to the statutory direction in case of the abatement of a suit, by the death of the sole complainant, where his representatives neglect to revive the suit. (2 *R. S.* 185, § [118] 124.) From the report of the case of *Massey* v. *Gillelan*, (1 *Paige's Rep.* 644,) it would seem to have been decided that the suit might be continued, as at law, in the name of the original complainant, upon his giving security for costs. The question, however, as to the right of the complainant to proceed without bringing the assignees before the court by a supplemental bill, was neither raised nor considered in that case; as the defendant merely asked that the suit should not be permitted to proceed in the name of the insolvent debtor unless security for costs was filed. But in the subsequent case, of

1838.

Sedgwick
v.
Cleveland.

*Garr* v. *Gomez*, in the court for the correction of errors, (9 *Wend. Rep.* 649,) the principle that the suit becomes defective in such a case and cannot be proceeded in, if objected to by the defendant, until the assignees are brought before the court, is distinctly recognized. It is proper also to remark, that in the case of an assignment under the bankrupt or insolvent acts the suit is not strictly abated, even as to the complainant; but is merely become so defective that he cannot proceed therein until the assignee is brought before the court. And the assignee becomes so far the legal and equitable representative of the rights of the complainant, that upon a new and supplemental bill in the nature of a bill of revivor and supplement being filed by the assignee, to continue the proceedings in his own name, it is not necessary to make the former complainant a party thereto; which would be necessary in the case of an assignment of only a part of the interest of the complainant in the subject matter of the suit. The complainant, however, who has still an interest in having his debts paid out of the assigned property, or at least has an interest in the surplus if there should be any, is not obliged to abandon the suit absolutely, if the suit is necessary for his protection; although the assignee refuses to proceed therein, without making any compromise of the suit with the defendant. In that case the complainant may proceed in his own name; but as the assignee has become a necessary party as to all subsquent proceedings in the suit, the complainant must bring him before the court by a supplemental bill. (*Mitf. Pl.* 66, 4*th Lond. ed. Story's Eq. Pl.* 282, *n.* 2 *John. Ch. Rep.* 18.) In such a case, however, the complainant might be required to file security for costs, as directed by the third subdivision of the first section of the title of the revised statutes relative to security for the payment of costs. (2 *R. S.* 620.)

In the case of defendants whose interest in the subject matter of the litigation becomes vested in others, *pendente lite*, without an actual abatement of the suit, a distinction is very properly made between the transfer of that interest by the mere voluntary act of the defendant, as in the case of a sale or assignment in the ordinary course of business, and a

1838.

Sedgwick
v.
Cleveland.

transfer of that interest by operation of law, as upon an assignment in bankruptcy or under our insolvent acts. In the first case the complainant is not bound to make the assignee a party, although he may do so if he deems it essential to the relief to which he may be entitled against such assignee. But in the last case the assignee who has become such by operation of law, has a right to be heard, and must be made a party before the suit can be further proceeded in. The reason of the distinction is obvious. In the first case the assignee who is a mere voluntary purchaser, *pendente lite*, cannot defeat the complainant's rights or delay his proceedings by such purchase ; for if he could do so, the litigation, by successive assignments, might be rendered interminable. He therefore has no right to be heard, unless he brings himself before the court by a supplemental bill in the nature of a cross bill ; which he may sometimes do to protect his rights as such assignee. And the decree in the original suit to which such assignee was not a party will bind the assigned property in his hands. Neither can the defendant who has made such voluntary assignment subsequent to the commencement of the suit, urge that as a reason why the suit should not proceed against him in the same manner as if no such transfer had been made. In the other case the assignee, upon whom the interest of the defendant has been cast by operation of law for the benefit of others, has a right to be heard for the protection of that interest. And the whole legal and equitable interest therein which formerly belonged to the defendant being vested in such assignee by the mere operation of the law itself, he will not be legally or equitably bound by a decree to which he is not a party. ( *Deas* v. *Thome*, 3 *John. Rep.* 544.) The reasons for this difference between the two cases do not exist in relation to the transfer of the interest of the complainant ; and where the adverse party makes the objection to his proceeding in his own name without bringing the assignee before the court. The party whose interest in the subject matter of the suit has become divested *pendente lite* can only object to the proceedings of his adversary in the suit, where such interest has become vested in another by operation of law and not

by his own mere voluntary act. But where the party who has assigned the whole or a part of his interest in the subject matter of the suit attempts to take any active proceeding therein, the adverse party may object to such proceeding; on the ground that the suit has become abated or defective as to such assignor, so that the same cannot be proceeded in until the assignee is made a party. Perhaps there may be some exceptions to this rule, particularly where the adverse party, after he becomes acquainted with the fact of such assignment, does some act or takes some proceeding in the cause, on his part, which amounts to a legal waiver of his right to urge the objection that the suit had abated or become defective by reason of the transfer of interest.

In the present case the assignment of the complainant's property and effects, to the receiver in another suit, certainly was not voluntary; inasmuch as it was made under the order and direction of a tribunal having jurisdiction and authority to compel obedience to such order. Neither can it be considered strictly as a transfer by operation of law merely; as there is no statute vesting the debts and other choses in action of the assignor in the receiver so as to authorize him to maintain suits in his own name, in courts of law, any further than a mere voluntary assignment would have enabled him to do so. But in this court, and in reference to the principle I have just been discussing, it must be considered as a transfer of the complainant's interest, *pendente lite*, by operation of law; so as to enable the receiver to file a bill in his own name for the purpose of continuing the proceedings, in this suit, for the benefit of the trust with which he has been invested. And in such a bill it will not be necessary to make the present complainant a party; as the receiver, in this court, fully represents his rights so far as the defendants have any interest in that question. Whether the bill which the receiver is thus authorized to file, in his own name, is properly denominated an original bill in the nature of a bill of revivor, or a supplemental bill in the nature of a bill of revivor, is not very material. Perhaps it may be more appropriately termed an original bill in the nature of a bill of revivor and supplement. It is an original bill in the

nature of a bill of revivor, so far as it seeks to revive or continue the former proceeding in the name of a new complainant upon whom the right to continue the proceedings is not cast by the operation of law merely, but one upon whom the right is conferred by the operation of law, in connection with an alleged act of the former complainant, the validity of which act may be controverted by the defendant. And it is certainly supplemental in its nature, so far as it seeks to supply defects in a suit, which is not actually abated, by bringing the proper parties before the court to remedy such defects; so that the original suit may be continued and proceeded in to a decree or final termination. Like an ordinary bill of revivor and supplement, it may be filed by the assignee of the complainant without leave of the court previously obtained.

Upon a full view of the subject I am satisfied that the defendant is right in supposing that the complainant, in the present situation of this suit, has no right to proceed upon the order, to compel him to assign his property to the receiver, until the receiver appointed in the suit before the vice chancellor has made himself a party to this suit, by filing such a bill as has been suggested; or until the present complainant has brought such receiver before the court by supplemental bill, upon an allegation of the neglect or refusal of such receiver to proceed; after he has had a reasonable time to make himself acquainted with the facts and to proceed in his own name, or to compromise the suit with the defendants if he thinks proper to do so. In either case the proceedings to compel the defendant to deliver over his property to the receiver appointed in this suit need not long be delayed; for as soon as the necessary parties are before the court, by the filing of the supplemental bill and the service of process, an application may be made for leave to proceed upon the order already made.

The application for an attachment is of course denied, as Cleveland has done no act which can be considered as a legal waiver of his right to make this objection to the complainant's proceedings subsequent to the 13th of October. But as this is a new question, and the complainant's solicitor was probably misled by the defendant's letter, asking for

an adjournment without apprising him of his intention to raise this objection to the regularity of the proceedings, I shall not give to the defendant the costs of opposing the application.(a)

(a) See *Holt* v. *Hardcastle*, 3 *Young & Coll. Rep.* 236.