WILLIAM JUDSON *vs*. THE METROPOLITAN WASHING MACHINE
COMPANY.

A bill in equity alleged that the petitioner had an interest in certain patents under
which the respondents were licensees, and a right to a share of the tariffs which
they were to pay under their license, and called for an account. While the suit
was pending the petitioner made an assignment of all his property, including
his interest in the patents and his claim on the respondents, to a trustee for
the benefit of his creditors, with a provision that any surplus of the property
that should be left should be returned to him. Held that this did not so com-
pletely divest the petitioner of all interest that he could not further maintain
the suit, but that it was necessary that the trustee should be brought in as a
party.

BILL IN EQUITY, brought to the superior court for Middle-
sex county, alleging an interest of the petitioner in certain
patents for the manufacture of vulcanized India rubber, and
a right to demand of the respondents, who were licensees
under the patents, a share of the tariffs which they were re-
quired to pay by their license, and praying for a discovery
and an account.

The respondents pleaded that after the filing of the bill by
the petitioner and during the pending of the same in court,
to wit, on the 25th day of January, 1866, the petitioner as-
signed and transferred all his right, title and interest in and to
the subject matter of the suit to John Erastus Lester of Provi-
dence in the state of Rhode Island, by the following instru-
ment in writing, to wit:—" Know all men by these presents
that I, William Judson, of the city and county of Newport, in
the state of Rhode Island, in consideration of the sum of one
dollar to me paid by John Erastus Lester of the city of Provi-
dence and state aforesaid, and of the trusts hereinafter cre-
ated, do hereby assign, deliver, transfer and convey unto the
said Lester, his heirs, executors, administrators and assigns,
all and singular the goods, wares and merchandize of which
I am the owner; all the real estate, wherever situate and
however bounded and described, to which I have title either
at law or in equity ; all patent rights, franchises, privileges,

tariffs and licenses thereunder ; all my right, title and interest in [sundry corporations specified,] and all other corporations, companies and copartnerships, and the capital and capital stock thereof; all judgments, executions and decrees of court in my favor ; all inventions ; and all goods, chattels, effects, property, and any and all other estate of what kind or nature whatsoever, or wheresoever situate, of which I am or ought to be the lawful owner, excepting and saving only what and so much as is exempt from attachment by law. To have and to hold the same unto him the said Lester, his heirs, executors, administrators and assigns, for ever in trust, and for the interests and purposes following, and no other :— After paying the expenses incident to the creation and execution of this trust, then to pay without distinction or preference all my debts due and owing in the city of Newport for household expenses; secondly, to pay and discharge the attachments and claims upon the estate in Newport, and upon the farm and personal property thereon situate in Middletown in the state of Rhode Island ; thirdly, to pay the sum of $20,000 to George Merritt on the 15th day of May next, for the redemption of seventy-five thousand dollars in bonds, called residue bonds, issued by the trustees of Union College; fourthly, to pay and discharge all other attachments, debts, dues and demands in other places, satisfying and paying each and all my creditors in full, it being my intention that they should be so paid ; and should any surplus remain after payment of all my debts, and the execution of the foregoing trusts, the same to return to me. And I do hereby appoint the said Lester my attorney, with full power to assign and transfer upon the books of the corporations aforesaid the stock thereof, the dividends, incomes and profits therefrom to receive, and for the same to execute a discharge. And I do authorize my said trustee to dispose of any or all of said property for the purposes above written, or to raise money for the execution of said trusts by pledges of said property, or the negotiation of loans based thereon, and after transacting, completing and arranging all the business aforesaid, unto me to account as hereinbefore written." And the respondents aver that the

Judson *v.* Washing Machine Company.

petitioner has no remaining interest in the subject matter of the bill and no equitable right to further prosecute his suit against the respondents, and they pray the judgment of the court whether they shall be compelled to make any further answer to the bill, and pray to be hence dismissed with their costs.

To this plea the petitioner demurred, and the question arising on the demurrer was reserved for the advice of this court.

*C. R. Ingersoll* and *Bacon*, in support of the demurrer, cited Adams Eq., 408; Story Eq. Pl., §§ 156, 158 *a*; 1 Daniell Cha. Pr., (3d Am. ed.) 194, 278, and notes; *Cook* v. *Mancius*, 5 Johns. Ch., 96; *Sedgwick* v. *Cleveland*, 7 Paige, 287; *Scouten* v. *Bendor*, 1 Barb. Ch., 647; *Randall* v. *Mumford*, 18 Vesey, 426; *Eades* v. *Harris*, 1 Younge & Coll. Cha. Cas., 230.

*W. W. McFarland*, contra, cited *Lee* v. *Jilson*, 9 Conn., 94; *Curtis* v. *Bemis*, 26 id., 1; *Mills* v. *Hoag*, 7 Paige, 18; *Sedgwick* v. *Cleveland*, id., 287; *Van Hook* v. *Throckmorton*, 8 id., 33; *Reed* v. *Vanderheyden*, 5 Cowen, 719; *Idley* v. *Bowen*, 11 Wend., 238; Barbour on Parties, 362; 3 Daniell Cha. Pr., 1587, 1596, 1598; Story Eq. Pl., § 349, note; Story Confl. Laws, 411; *Maitland* v. *Newton*, 3 Leigh, 714; *Hanford* v. *Paine*, 32 Verm., 442; *Rice* v. *Courtis*, id., 460; *Goddard* v. *Winthrop*, 8 Gray, 180.

McCURDY, J.  We perceive little difficulty in disposing of the question raised in this case.

The bill of the petitioner sets out his interest in certain patents, avers that the respondents are liable to pay him a certain share of the tariffs which are due from them in consequence of their license, and prays an account. At the commencement of the suit he had the sole interest and was the proper person to bring it. He subsequently assigned his interest to one Lester.

The respondents assume that the transfer was an absolute sale and a final conveyance, divesting him forever of all right and title, legal or equitable, in the property assigned, as in the case of an endorsement of a negotiable note. But we think this is evidently a mistaken view. The assignment was made in trust for the interests and purposes specified, and no others. These were the payment of particular debts and bonds for the benefit of the assignor, and a discharge of claims and attachments against him, and then a return of the surplus of the property to himself. He gives the assignee an express letter of attorney authorizing him to manage the property placed in his possession, to receive the income, to pledge it for loans, sell it, render his account and pay to him the balance. In equity the assignee was a mere trustee for the benefit of the petitioner and his creditors and without any personal interest. He differed from an ordinary agent or attorney in this, that his authority to dispose of the property and pay the debts was absolute and irrevocable.

The balance belonging to the petitioner in the hands of this agent may amount to many thousands of dollars. He has an interest in making it as large as possible, and of course an interest in the sums to be recovered from the respondents in this suit. It is not improper therefore that he should remain a party to it.

It is very certain however that Lester should be made a party also. "It is necessary that all persons should be made parties who are either legally or beneficially interested in the subject matter or result of the suit. All trustees or their representatives must be made parties." 2 Swift Dig., 225. The proper mode is for the assignee to come in or be cited in. "By the rules of practice in this state a bill in equity is never dismissed for want of parties, but may be continued to bring them in." 2 Swift Dig., 224. When the complainant after the commencement of the suit makes an assignment of his interest under the insolvent laws or otherwise, the assignee must be made a party before the suit can be further proceeded in. *Sedgwick* v. *Cleveland*, 7 Paige, 287.

We advise that opportunity be given to the trustee to come in or be cited in, and that upon failure the petition be dismissed.

In this opinion the other judges concurred.