## WILLIAMS vs. WINANS and others.

1. A supplemental bill is proper to bring in as a party a person who has acquired an interest in the controversy after the commencement of the suit, as assignee or successor to an original defendant, although such assignee or successor will, in general, be bound by the decree and proceedings.

2. But when such person is made a party by supplemental bill, whether filed by himself or the complainant, he comes before the court in the same plight and condition as the former party, is bound by his acts, and may be subject to all the costs and proceedings from the beginning of the suit. It is merely a continuation of the original suit, and whatever evidence was properly taken in the original suit may be made use of in both suits, though not entitled in the original suit.

3. Any defendant in a supplemental bill may demur, upon the ground

that the bill is not properly supplemental, but that it seeks to make a new
and different case from the original bill, upon new matter.

4. Where a party has acquired an interest in the matter in controversy
after the commencement of the suit, involuntarily, by the act of the law, as
in cases of an assignee in bankruptcy or insolvency, it is necessary, in
order to bind such person, that he should be made a party by supplemental
bill. In other cases it may be expedient, but is not necessary.

---

The argument of this cause was had upon demurrers filed
by the defendants. The complainant had, on the 10th of
February, 1868, filed an original bill against all the defend-
ants, except Cutter. He became interested in the property
in question by purchase at a sheriff's sale pending the suit,
and a supplemental bill to have that purchase declared
fraudulent and void was filed against him November 28th,
1868, in which the defendants in the original bill were
joined. The defendants in the original bill had answered,
except one, against whom a decree *pro confesso* had been
entered. The supplemental bill prayed no relief against the
defendants to the original bill, but only the prayer for relief
against Cutter, without any general prayer. All the defend-
ants filed general demurrers to *the bill* of the complainant,
without stating whether to the original or supplemental bill.

*Mr. C. Parker* and *Mr. R. S. Green,* for demurrants.

*Mr. B. Williamson* and *Mr. F. B. Chetwood,* for com-
plainant.

THE CHANCELLOR.

The original bill was to compel the specific performance
of an agreement to execute a mortgage on one hundred acres
of land in Union county. This agreement was alleged to be
contained in a submission to arbitration between the com-
plainant and John T. Winans, a defendant in the original
bill, and, as insisted by the complainant, bound Winans to
execute a mortgage to him for the amount which should be

awarded by the arbitrators, within thirty days after the award. The bill charged that the award was for a large sum, and that Winans refused to pay it or execute a mortgage to secure it, but, for the purpose of defrauding the complainant, within the thirty days mortgaged and conveyed the tract upon which he had agreed to give the complainant a mortgage, to the other defendants, and that they knew of that agreement, and joined in the scheme for the purpose of aiding Winans in defrauding the complainant, and that they paid no consideration.

The bill prayed that Winans might be compelled to execute the mortgage as agreed, and that the mortgages and conveyances to the other defendants might be declared void as against the complainant, or subject to the mortgage so to be executed to him.

The supplemental bill states that, pending the suit, the defendants, for the purpose of defrauding the complainant, procured executions to be issued upon two old judgments, against John T. Winans, which existed and were liens upon this tract of land prior to the submission, and at a sheriff's sale under these executions, procured this tract to be purchased in the name of the defendant, David Cutter, who was their uncle, for $400, and procured the same to be conveyed to him by the sheriff; that Cutter had not authorized and did not know of the purchase in his name, and paid no part of the consideration money, which was advanced by the defendants to the original bill to defraud the complainant; that Cutter insists upon holding the lands by this deed from the sheriff, and refuses, when requested, to convey or mortgage them to the complainant.

A supplemental bill is proper to bring in as a party a person who has acquired an interest in the controversy after the commencement of the suit, as assignee or successor to an original defendant. Such subsequent assignee or successor will, in general, be bound by the decree and proceedings, except when his title is acquired, involuntarily, by the act of the law, as in cases of an assignee in bankruptcy or

insolvency, in which it is necessary, in order to bind him, that he should be made a party by supplemental bill. In other cases it may be expedient, but is not necessary. But when such person is made a party by supplemental bill, whether filed by himself or by the complainant, in such case the new party comes before the court exactly in the same plight and condition as the former party; is bound by his acts, and may be subject to all the costs and proceedings from the beginning of the suit. It is merely a continuation of the original suit, and whatever evidence was properly taken in the original suit, may be made use of in both suits, though not entitled in the original suit. *Story's Eq. Pl.*, § 343; 2 *Dan. Chan. Prac.* 1609, 1611; *Sedgwick* v. *Cleveland*, 7 *Paige* 290.

If Cutter was rightly brought into the original suit as the assignee, pending the same of the interest of John T. Winans and the other defendants in the original bill, he is bound by their answers, and he and such as have answered cannot now demur to anything in the original bill. The defendant Hays, is in no better position.

But any defendant in a supplemental bill may demur upon the ground that the bill is not properly supplemental, but that it seeks to make a new and different case from the original bill upon new matter. *Story's Eq. Pl.*, § 616.

Upon the facts stated in the supplemental bill the complainant cannot have any relief against the defendants in the original bill, on the grounds of relief there set forth. That is based upon a fraudulent transfer, by one of them to the others, of the land to be mortgaged, for the purpose of defeating the complainant's rights. By the sheriff's sale, which is set forth in the supplemental bill, the rights of all the defendants in the original bill are ended. By a sale under judgments not impeached, which were prior liens on the tract, the legal title was vested in Cutter. This title they cannot dispute, and all question as to the validity of their claims, as against the complainant, is at an end. If they have any right to claim the interest in the premises by

Cutter being a trustee, it arises under the sheriff's sale, and not under the transactions set out in the original bill.

Had the defendants in the original bill, other than John T. Winans, bought in this title in their own names at the sheriff's sale fraudulently, as is set forth in this supplemental bill, this could not have been set up in a supplemental bill. It is a different transaction—no answer to the original bill; no evidence taken in that suit could apply to it. One transaction may be honest and the other fraudulent; they are in no wise connected.

But here is a new defendant, not concerned in the original frauds, who, by a new fraud, perpetrated by means entirely different, is brought into court to have this new transaction declared void. It can only be effected by an original bill. It is not even the proper subject of an original bill, in the nature of a supplemental bill. *Story's Eq. Pl.*, § 346.

And it is very questionable, if an original bill had been filed after the sheriff's sale against all these defendants, on the ground of fraud in both transactions, whether a demurrer by Cutter for multifariousness would not be good.

The demurrers must be sustained.