E. & J. NORTHMAN, use, etc., *vs.* LIVERPOOL, LONDON AND GLOBE INSURANCE COMPANY & others.

October Term, 1873.

BANKRUPTCY—ASSIGNEE—SUPPLEMENTAL BILL.—An assignee in bankruptcy is entitled, by an original bill in the nature of a supplemental bill, to have the benefit of a bill previously commenced in this court by the bankrupt against non-resident insurance companies upon policies on a stock of goods destroyed by fire, and to have the loss charged upon bonds deposited in the hands of the comptroller of the state, under statute, for the security of such policy-holders, and a demurrer both to the original and supplemental matter of the bill was overruled.

*R. McP. Smith*, for complainants.

*Ed. Baxter*, for defendants.

THE CHANCELLOR.—On the night of the 3d of January, 1873, the stock of goods of the Northmans, upon which there was insurance to the amount of $25,000 in the defendants' companies, was destroyed by fire, except a remnant of $650, which, it is alleged in the bill, by agreement with said companies immediately after the fire, the complainants took at a valuation of $650. Shortly thereafter, the said complainants made a general assignment of their effects, including the policies of insurance, to their co-complainant John Lawrence, for the benefit of creditors. The original bill was filed on the 22nd of March, 1873, against the insurance companies as non-residents of the state, and W. W. Hobbs, comptroller of the state as holder of twenty thousand dol-

lars in bonds deposited with him, under the statute in such cases provided, by each of the companies, as security for risks taken by the citizens of this state. The legislature, the bill stated, had enacted a law changing the mode of doing business in this state by foreign insurance companies, and the bonds so deposited in the hands of the comptroller were about to be withdrawn by said defendants and removed from the state. The bill alleged that the proper steps had been taken to charge the defendant insurance companies on their policies, and asked for an account of their indebtedness to complainant, and that the bonds be subjected to the satisfaction of the amount due. Attachment and injunction were asked for and granted, but the injunction alone was sued out.

The defendant Hobbs answered the bill admitting the possession of bonds as charged. The insurance companies demurred.

In the meantime, under proceedings in bankruptcy, the complainants, E. & J. Northman, were declared bankrupts, and their property was assigned to R. McP. Smith as assignee. On the 20th of September, 1873, Smith, as such assignee, filed a bill against the insurance companies, John Lawrence and John C. Burch, the present comptroller of the state, setting out the filing of the former bill and its contents, that he had been appointed assignee of the Northmans who were duly declared bankrupts, that the effect of the bankrupt proceedings was to annul the assignment to Lawrence, and, after making some amendments to the original bill, asked that the former suit be revived in his name, and that he have the relief prayed for therein.

Upon a motion to dismiss this bill upon grounds assigned, I was of opinion, and so decreed, that Smith's bill was an original bill in the nature of a supplemental bill and bill of revivor, and not amenable to the objections raised by the motion

The insurance companies have now demurred. They demur to so much of the bill as is supplemental in its character

and seeks to have the benefit of the former proceedings:

1. Because complainant shows no right on the face of his bill to the benefit of the former proceedings.

2. Because the bill is filed in a right wholly inconsistent with the right in which the bill was filed in the original cause.

They demur to so much of the bill as is original in its character :

1. Because the demand sought to be set up against defendants, is of a character purely legal, and the remedy at law adequate and unembarrassed, and no attachment or injunction prayed, or allegation made sufficient to give the court jurisdiction.

2. Because no property is attached or sought to be attached, nor injunction prayed, and the bill shows defendants are non-residents of the state, and no personal decree is sought or can be rendered against the defendants.

3. Because the bill is multifarious.

The first ground of demurrer to the bill, so far as it is supplemental, is, that complainant shows no right to the benefits of the former proceedings. The former bill, it will be recollected, is in the names of E. & J. Northman and John Lawrence, the assignee under the general assignment for creditors. It proceeded upon the ground that the legal title to the policies was in E. & J. Northman, the beneficial interest in Lawrence, and was expressly by the former for the use of the latter. No one will pretend that the name of Lawrence might not have been stricken out of the bill, and the suit continued in the name of the Northmans alone, subject, of course, to the right of the defendants to rely, by proper pleadings, upon the defense that the Northmans had in fact no interest, and that the right of action was in Lawrence. If, also, it turned out in the progress of the cause that the assignment to Lawrence was void for any reason, it is clear that the fact would not prevent the Northmans from recovering, if the legal title and beneficial interest were in them. So, if the Northmans were shown to have no interest, legal

or equitable, but the whole right of recovery was in Lawrence, there would be no difficulty in equity giving him relief. It does turn out, according to the allegations of the supplemental bill, which, for the purpose of this demurrer, must be taken as true, that the assignment to Lawrence was set aside by the proceedings in bankruptcy, and the entire interest of the Northmans, legal and equitable, in the policies, vested in the complainant Smith as assignee. And it is well settled, as shown in my opinion on the motion to dismiss, that an assignee is entitled to the benefit of a suit commenced by the bankrupt previous to the assignment, to be asserted by original bill in the nature of a supplemental bill and bill of revivor. *Randall* v. *Mumford*, 18 Ves. 424, 428 ; *Sedgwick* v. *Cleveland*, 7 Paige, 287, 290 ; Story Eq. Pl., § 349, 383, note 3. Smith's bill does, therefore, show on its face a state of facts which entitles him to the benefit of the former proceedings.

The second ground of demurrer, that the bill is filed in a right inconsistent with the right in which the original bill was filed, is obviously not tenable, for the reason just given. The original suit was in the name of the Northmans, and based upon their alleged legal right of recovery, although for the use of Lawrence. The new bill, in its supplemental character, shows that the interest of Lawrence was ended by the act of bankruptcy, and that the entire interest of the Northmans passed to the assignee. The right of the assignee is consistent with the right of the Northmans, and, for that matter, of Lawrence too, who was, like the assignee in bankruptcy, a trustee for creditors. There is not the least inconsistency in the rights set up in the two bills, they being, in reality one and the same. The demurrer, therefore, so far as it goes to the bill as supplemental, is not well taken, and must be overruled.

The first two grounds of demurrer to the bill as an original bill, are, in substance, the same, namely, that the remedy is at law, and no attachment or injunction is prayed, or allegation made sufficient to give this court jurisdiction. But

if it be conceded that the demand is purely legal, the fact that the insurance companies are non-residents, and that there is a trust fund in the hands of their co-defendant, the state comptroller, deposited by the companies for the express benefit of such claimants as the complainant alleges he is, is sufficient to give the court jurisdiction. I decided at the last term in the case of *E. R. Pennebaker, Comptroller,* v. *Home Ins. Co. & others* (*ante*, p. 111), that no attachment at law would lie against bonds in the hands of the comptroller of the state deposited by insurance companies, like those in controversy in this case. The only remedy to reach the bonds is by bill in this court, and upon the facts stated in this bill, the complainant could not sue at law. The case falls within the provisions of the Code, § 4287, which are as follows : " In all cases where personal service cannot be made at law, and where no original attachment at law will lie, and no judgment at law can be obtained, and also in cases where the demand is purely of an equitable nature, the court of chancery has jurisdiction to subject legal and equitable interests in every kind of property, with the exception stated in § 4283, the lien to commence from the filing of the bill, if the facts are verified by affidavit, and injunction granted." The injunction, it will be noted, is only required to fix the lien, not to give jurisdiction. But, in this case, the complainant is entitled, under his bill considered as supplemental, to the proceedings of the former suit, and, of course, to the injunction then sued out. These causes of demurrer are, therefore, not well taken and must be overruled.

The last ground of demurrer, that the bill is multifarious, in seeking to recover on several separate and distinct demands against several separate defendants, is more plausible. The bill undertakes to show a connecting link between the defendants in the fact they are each entitled to a credit for its proportional part of the $650, the value of the remnant of goods taken by the Northmans at that price by agreement, and that this proportion cannot be ascertained without having all the defendants parties to the account. This is met

by the defendants in argument by a calculation in figures, and a reference to the principles of the rule of three. A better connecting link is that the policies are on the same stock of goods, and that almost certainly, the defendants will rely upon the same defenses. It is probable that if I were to take the defendants at their word, and direct separate bills to be filed against all except one of the defendants, and the bill to be retained as to him, under the Code, § 4326, the defendants would ask for a consolidation, at any rate so far as to allow the evidence taken in one suit to be read in all the suits and for a general hearing together. There is probably enough, under these circumstances, on the face of the bill, to justify me in overruling the demurrer broadly. But, if the defendants desire, I will give them leave to rely upon this matter of demurrer in their answers, and to bring the question again before me upon filing their answers.