### VAN HOOK *vs.* THROCKMORTON and others.

### WRIGHT *vs.* TREMELLS.

A purchaser under a decree of foreclosure is not entitled to a writ of assistance to turn a person out of possession of the mortgaged premises, although such person went into possession pendente lite, unless he went into possession under, or by the permission of, some one of the parties to the suit.

Where the complainant in a foreclosure suit assigns all his interest in the mortgage pendente lite, and the defendant also sells his interest in the equity of redemption ; it is irregular to proceed in the name of the original complainant to foreclose the equity of redemption as against such assignee of the mortgagor. But the suit should be continued against him by a bill in the nature of a bill of revivor and supplement, filed by the assignee of the complainant.

A purchaser at a master's sale is entitled to a writ of assistance to put him in possession of the mortgaged premises as against the defendants in the suit, or those who have gone into possession under them pendente lite. But the court is not bound to grant a writ of assistance to a subsequent purchaser from the purchaser at the master's sale ; and it will not therefore grant such writ, if injustice will be done thereby.

THESE cases came before the chancellor upon an appeal July 16. from a decision of the vice chancellor of the first circuit, refusing a writ of assistance to put the respondent Thomas Hegeman out of possession of certain leasehold premises in the city of New-York, and of a planeing mill and other machinery thereon. The appellant was a purchaser under a mortgage foreclosure, of an undivided portion of the premises, in the last of the above causes, and the assignee of Van Hook was the purchaser of another undivided portion of the premises, under a foreclosure in the first entitled cause.

*W. Silliman,* for the appellant.

*A. L. Jordan,* for the respondent.

THE CHANCELLOR. There are two objections to the appellant's application to turn the respondent out of possession of the share of the premises embraced in the mortgage

VOL. VIII. 5

of Tremells. Although the respondent Hegeman went into possession of the premises subsequent to the commencement of the suit, he did not enter under any person who was a party to that suit, or under any one who had derived title to or gone into the possession of the premises under a party, subsequent to the commencement of that suit. He purchased from Wilson who was in possession and claimed to be the absolute owner of the premises ; and who conveyed the same to him with warranty. As Wilson was in the actual and undisturbed possession of the premises at the time of the commencement of the foreclosure suit against Tremells, if the complainant wished to obtain possession against him, on the ground that he had entered under the mortgagor subsequent to the mortgage, he should have made Wilson a party to the suit ; and then Hegeman, who purchased from him pendente lite, might have been turned out of possession under the decree. But as Wilson was in possession at the commencement of the foreclosure suit, claiming a right to the property, and could not therefore be turned out of possession under the decree in a suit to which he had not been made a party, his subseqent grantee cannot be in a worse situation in that respect.

But even if Wilson had been made a party, this decree of foreclosure would have been irregular as against Hegeman his grantee. The complainant having assigned all his interest in the suit to another person pendente lite, and the respondent Hegeman having in the meantime become the purchaser of Wilson's interest, it would have been wholly irregular as to him to continue the suit in the name of the original complainant, instead of filing a bill in the nature of a bill of revivor and supplement, in the name of the complaimant's assignee, and making Wilson's assignee a party to the same. The decision of the vice chancellor as to that part of the premises embraced in the mortgage of Tremells was therefore unquestionably right.

The decision as to the part embraced in Van Hook's mortgage depends upon different principles. In that case, Wilson, under whom the respondent Hegeman subsequent-

ly derived his title, was a party to the suit ; and Hegeman sits in the seat of his grantor. And if Van Hook had applied for the possession, for his own benefit, immediately after his purchase under his decree of foreclosure, I do not know but that it would have been the duty of this court to have interfered, and to have put him in possession by a writ of assistance against Hegeman the purchaser pendente lite. Even in that case, however, as Van Hook had then another security for the payment of his debt, from Wilson who had conveyed these premises to Hegeman with warranty, this court might have required, as a condition of its interference in this summary way, that Van Hook should give to Hegeman the benefit of such other security, for his indemnity for the loss of these premises. There is no settled practice of this court, entitling a subsequent purchaser from the purchaser at a master's sale, as a matter of right, to the assistance of the court to obtain the possession of premises which his grantor had purchased under the decree. And such assistance should not be given to him when there is, as in this case, a very strong probability that injustice would be done to the person in possession by such a proceeding. Although Van Hook had actually obtained the legal title to the mortgaged premises, by the purchase under his decree, it is evident that at the time of the sale to the appellant Halsey, he did not intend to insist upon his legal rights as against Wilson ; except so far as was necessary to secure the payment of his debt and costs. And that if he had known at that time that Wilson had conveyed the premises to Hegeman, with warranty, he would not have been a party to the attempt on the part of Wilson to defraud his grantee by obtaining the transfer of the title of Van Hook to Halsey. As the appellant, therefore, who could not have been ignorant of the sale to Hegeman, and of his agreement to have the payment of this mortgage suspended for two years, had chosen to buy a lawsuit, for the purpose of assisting Wilson in this unjustifiable attempt to destroy the title of Hegeman his grantee, I think the vice chancellor was right in refusing him a writ of assistance ; and leav-

ing him to his remedy, if he has any, by a suit at law to obtain possession of the property.

For these reasons, the decision and order appealed from must be affirmed with costs.