## SECOR *et al. v.* SINGLETON *et al.*

(*Circuit Court, E. D. Missouri, E. D.* March 25, 1890.)

1. EQUITY—SUPPLEMENTAL BILL.
   A person who, after final decree, acquires all the interest of one of the original parties in the subject-matter of the litigation, may, if entitled to the benefit of the decree, as a privy in estate with him whose interest has been acquired, file a supplemental bill to be substituted as a party, and to enforce the decree.

2. SAME—DECREE—TAXATION—PRIVIES.
   A decree in an equity suit adjudging certain railroad property to be exempt from taxation for a term of years, and enjoining the assessment of taxes thereon, is a decree that reaches beyond parties to the record, and binds as well privies in estate.

3. SAME—MORTGAGOR—MORTGAGEES—PURCHASER—PRIVIES.
   A purchaser at a foreclosure sale is not a privy in estate with the mortgagor so as to be bound by a decree affecting the mortgage premises, rendered in a suit between the mortgagor and third parties, begun after the mortgage was executed, and to which the mortgagee was not made a party. In such case the mortgagee would not be bound by the decree, and a purchaser at the mortgage sale has all the rights of the mortgagee.

4. SAME—DECREE—BETWEEN WHOM CONCLUSIVE.
   Certain stockholders of a corporation having sued the corporation and the taxing authorities of certain counties to restrain the former from paying, and the latter from collecting, taxes on the property of the corporation on the ground that it was exempt, and having obtained such decree, *held,* that the corporation and taxing authorities were adversary parties, though both were defendants in the suit, and that as between them the decree was a conclusive adjudication that the property was exempt from taxation.

In Equity. On demurrer to supplemental bill.

The bill in this case recites, in substance, that Charles A. Secor *et al.*, in a suit heretofore instituted by them in this court as stockholders of the Missouri, Iowa & Nebraska Railway Company, obtained a final order of injunction restraining the railway company from paying taxes on its property located in Scotland, Schuyler, and Clark counties, Mo., and restraining the several counties and certain county officials from levying and collecting, or attempting to levy or collect, any taxes on said property prior to the year 1892; that thereafter the property of the railway company to which the injunction related was sold under a decree foreclosing a mortgage executed by the Missouri, Iowa & Nebraska Railway Company, in the year 1870, and became by purchase the property of the Keokuk & Western Railway Company, the present complainant, about the 1st of December, 1886; and that, since the last-mentioned sale, Scotland county has begun proceedings to enforce the collection of certain taxes assessed against the property in question while it was owned by the Missouri, Iowa & Nebraska Railway Company. The prayer is that the suit in which the injunction was obtained may be revived in the name of the Keokuk & Western Railway Company, and that it may have the benefit of the decree in that proceeding. The bill is demurred to by Scotland and Clark counties, and the county judges thereof.

*F. T. Hughes* and *H. S. Priest,* for complainant.

*T. S. Montgomery* and *Anderson & Schofield,* for defendant Clark county.

*John C. Moore,* for defendant Scotland county.

THAYER, J., (*after stating the facts as above.*) 1. On the hearing of the demurrer there was much controversy as to the character of the bill now before the court, and as to whether it could be maintained after a final decree. Touching these points it is sufficient to say, that the court regards it as an ordinary supplemental bill. Complainant the Keokuk & Western Railway Company suggests to the court that since the final decree it has acquired all the interest of one of the original parties in and to the property affected by the litigation and by the decree, and that since the decree certain county officers, who were parties to the suit only in an official capacity, have ceased to be such officers, and that others have been elected in their stead. There is a prayer that the complainant, who has succeeded to the ownership, may be substituted to that position with respect to the litigation that was formerly occupied by the party to whose interest he has succeeded, to the end that certain further action may be taken under the decree. The bill is clearly an ordinary supplemental bill, and the proceedings thereon are regulated in this court by the fifty-seventh equity rule, and in England by statute, (15 & 16 Vict. c. 86, § 52.) Daniell, Ch. Pr. (5th Ed.) 1515, 1524; *Van Hook* v. *Throckmorton,* 8 Paige, 33; *Sedgwick* v. *Cleveland,* 7 Paige, 287. With respect to the right to file a supplemental bill after final decree, it may be said that the rule is the same as in case of bills of revivor. Such bills, it seems, may be filed as well after a final decree as before, if a person who has succeeded to the interest of one of the original parties to the suit, in such manner as to entitle him to the full benefit of the decree, finds it necessary to invoke further action on the part of the court to obtain such benefit. Indeed, a person entitled to the benefit of a decree by acquiring an interest in the subject-matter of the controversy subsequent to the decree is not, as it seems, entitled to invoke the aid of the court or take further action until he has made himself a party by supplemental bill, and has brought in the representatives or successors in interest of other original parties plaintiff or defendant. Daniell, Ch. Pr. (5th Ed.) 1525–1537; *Sedgwick* v. *Cleveland, supra; Van Hook* v. *Throckmorton, supra; Binks* v. *Binks,* 2 Bligh, 593, 594; *Owings' Case,* 1 Bland, 409.

2. Treating the pleading now before the court as a supplemental bill, filed after final decree, by a party who has succeeded to an interest in the subject-matter of the litigation, the question arises whether the complainant occupies such a relation to any of the parties to the original suit, as entitles him to file such a bill. The decision of this question must depend on the inquiry, whether the decree in the original suit is as conclusive between the Keokuk & Western Railway Company and the several counties and county officials, as it was or is between the Missouri, Iowa & Nebraska Railway Company and those parties. The Keokuk & Western Railway Company has, by virtue of the foreclosure sale, acquired all the interest in the property affected by the litigation that was formerly owned by the Missouri, Iowa & Nebraska Railway Company. If, then, that decree is as conclusive in its behalf as it was in favor of its predecessor in interest, no reason is perceived why it may not file its

supplemental bill, and be admitted a party to the record, and obtain the benefit of the decree already entered, without being put to the necessity of filing an original bill to establish its right. The question to be decided seems to be, substantially, one of privity. It is insisted by defendants' counsel that the original decree did not affect the property purchased at the foreclosure sale in any such manner as to bind a subsequent owner, in any event; that it did not qualify the estate or interest that the Missouri, Iowa & Nebraska Railway Company had in the property, and hence was not one of those adjudications that run with the land, and bind a subsequent owner through privity of estate, or that can be invoked for the protection of a subsequent owner. This position the court regards as untenable. The original suit concerned the right to tax the property 'in question. The decree determined that the property would be exempt from assessment for taxation until 1892, if owned in the mean time by the Missouri, Iowa & Nebraska Railway Company, and, in accordance with that determination, enjoined the counties, and certain county officials, who were parties defendant, from collecting or assessing taxes thereon during the continuance of such ownership. The decree, accordingly, had a direct effect on the property. It attached thereto an important immunity, not usually incident to ownership, that rendered ownership more valuable. It was, in my judgment, precisely one of those adjudications which reach beyond parties to the record, and bind as well privies in estate. *Reg.* v. *Blakemore,* 2 Denison, Cr. Cas. 410; *Adams* v. *Barnes,* 17 Mass. 367; *Cooley* v. *Warren,* 53 Mo. 166; Bigelow, Est. (5th Ed.) 144, 145.

It is further contended that the original decree herein could not be pleaded as an estoppel in a suit brought by the Missouri, Iowa & Nebraska Railway Company against the several counties who, with the railway company, were parties to the original action, for the reason that the company and the counties were all named as defendants in the stockholders' bill, and that as between them no issue was raised or litigated. Hence it is argued that, as the Keokuk & Western Railway Company is merely the successor in interest of the Missouri, Iowa & Nebraska Railway Company, it could enforce no right under the original decree as against the several counties, even if admitted to become a party to the record. I am forced to regard this reasoning as erroneous. The sole question at issue in the original suit was whether the Missouri, Iowa & Nebraska Railway Company was entitled to an exemption from taxation on its property located in the several counties, and upon that issue the company and the counties occupied the position of adversaries. Although the bill was filed by stockholders of the railway company, they did not sue to enforce an individual right, but solely to enforce a right or immunity that pertained to the corporation. The suit was essentially a suit by the corporation against the counties that the stockholders were allowed to prosecute in its behalf, because the directors had been negligent in asserting the right of the corporation. *Dodge* v. *Woolsey,* 18 How. 331; *Memphis* v. *Dean,* 8 Wall. 73. Inasmuch, then, as the suit was, in effect, a suit by the railway company against the counties, and

was likewise an equity proceeding, it is wholly immaterial how the parties were arranged upon the record. The decree rendered was certainly a conclusive adjudication, between the company and the counties, that the property of the former was exempt from taxation, and in a suit between them might be invoked as an estoppel.

But there is a another point of view from which it appears to the court that the decree in the stockholders' suit cannot be regarded as conclusive between the counties and the Keokuk & Western Railway Company upon the points litigated in that suit. It must be borne in mind that the Keokuk & Western Railway Company is not a grantee of the Missouri, Iowa & Nebraska Railway Company under a conveyance executed by the latter company subsequent to the decree in the stockholders' suit, or pending that litigation. The Keokuk & Western Railway Company acquired its title by the foreclosure of a mortgage that was executed by the Missouri, Iowa & Nebraska Railway Company in the year 1870; and it does not appear that the mortgagees, or any representative of the mortgagees, were made parties to the stockholders' suit of Secor and others against the railway company and the several counties. A purchaser at a foreclosure sale becomes a privy in estate with the mortgagor, so as to be bound by a decree against or in favor of the mortgagor, in a suit between the latter and third parties affecting the mortgaged premises, only in those cases where the mortgagee can be regarded as a privy. The purchaser's rights are precisely those of the mortgagee, and, like his, relate back to the mortgage. A mortgagee is privy in estate with a mortgagor only in respect to the estate as it existed when the mortgage was executed. *Mathes* v. *Cover*, 43 Iowa, 512. It is a well-settled rule that mortgagees are not bound by judgments or decrees rendered against the mortgagor, and affecting the mortgaged premises, in suits begun by third parties subsequent to the execution of the mortgage, unless the mortgagees are themselves made parties, or some one authorized to represent them, like trustees of mortgage bondholders, are made parties to the litigation. The doctrine of privity cannot be invoked to bind mortgagees by decrees against the mortgagor, in suits between him and third parties, unless the mortgage was executed *pendente lite* or after the decree. *Campbell* v. *Hall*, 16 N. Y. 575; *Scates* v. *King*, 110 Ill. 456; *Dooley* v. *Potter*, 140 Mass. 49, 2 N. E. Rep. 935; *Cutter* v. *Jones*, 52 Ill. 84; *Zoeller* v. *Riley*, 100 N. Y. 102, 2 N. E. Rep. 388; *Doe* v. *Derby*, 1 Adol. & E. 783; Bigelow, Estop. (5th Ed.) 142, 143. The result of the rule as applied to the case at bar, undoubtedly is, that if the stockholders' suit of Secor and others had terminated in favor of the counties, by a decree adjudging that the property of the Missouri, Iowa & Nebraska Railway Company was subject to taxation, and that tax assessments thereon were valid, such a decree would not have been conclusive against the mortgagees in the then outstanding mortgage, nor against the Keokuk & Western Railway Company. Therefore the decree actually rendered in that case, declaring the property to be exempt, cannot operate as an estoppel between the counties and the Keokuk & Western Railway Company, for the reason that an estoppel must always

be mutual. *McDonald* v. *Gregory*, 41 Iowa, 513; Bigelow, Estop. 113, 114.

As the supplemental bill does not show that the Keokuk & Western Railway Company stands in such privity with the Missouri, Iowa & Nebraska Railway Company as entitles it to the protection of the decree heretofore rendered in favor of the last-named company, the demurrers to the bill should be sustained; and it is so ordered.