ROSS v. CITY OF FT. WAYNE.

(Circuit Court, D. Indiana. October 6, 1893.)

No. 8,742.

1. PATENTS FOR INVENTIONS — ASSIGNMENT PENDING INFRINGEMENT SUIT — PLEADING BY ASSIGNEE.

Where a patent, with all rights and claims under it, is assigned to a stranger pending suit for infringement, the assignee cannot obtain the benefit of the proceedings brought by the assignor, by means of a supplemental or amended bill, but he may do so by means of an original bill in the nature of a supplemental bill.

2. SAME—PLEADING.

Where a bill filed by the assignee contains all the material averments of an original bill, together with a statement of supplemental matter showing the assignment subsequent to the institution of the suit, it must

be considered as an original bill in the nature of a supplemental bill, notwithstanding that it is denominated by the pleader a "supplemental and amended bill."

**3. SAME—EQUITY JURISDICTION—REMEDY AT LAW.**

The owner of a patent brought a bill for infringement about two and one-half months before the same would expire, but made no attempt to secure a restraining order. Two months after the expiration of the patent he assigned it, and all rights arising under it, and the assignee set up his rights by an original bill in the nature of a supplemental bill. *Held*, that the same must be dismissed for want of jurisdiction, as the assignee took nothing but a claim for unliquidated damages, for which there was an adequate remedy at law.

**4. SAME—INFRINGEMENT SUIT—NECESSARY AVERMENTS—DEMURRER.**

Where a bill for infringement avers that the patentee was the original and first inventor of the device in question, and that the same was not known or used before said invention, and not, at the time of his application, in public use or on sale for more than two years, an omission to aver that the device had not been previously patented or described in any printed publication in this or any foreign country, while it renders the bill vulnerable to a special demurrer, is yet a defect rather of form than of substance, and may be cured by amendment.

In Equity. Suit by Nathan O. Ross against the city of Ft. Wayne for infringement of a patent. On demurrer to the bill. Sustained, and bill dismissed.

N. O. Ross and Parkinson & Parkinson, for complainant.

S. R. Alden, for defendant.

BAKER, District Judge. On the 21st day of April, 1892, Isaac C. Walker brought suit in this court against the city of Ft. Wayne for the alleged infringement of letters patent No. 165,438, issued to Robert Bragg on the 13th day of July, 1875, as the original and first inventor of a certain new and useful improvement in gong attachments for engine houses, and asking for an injunction and for damages. The particular infringement complained of consists in the defendant making, constructing, and using the gong attachments for its engine houses. The bill further charges that on the 17th day of December, 1885, Bragg, by a due assignment in writing, for a good and valuable consideration, sold, assigned, and transferred to the plaintiff his entire right, title, and interest in and to the letters patent and the invention and improvement secured thereby, together with all demands, claims, accounts, rights, and rights of action which had accrued thereunder since the issue of said letters patent. On the 4th day of November, 1892, Nathan O. Ross, with leave of court, filed in this cause a complaint against the city of Ft. Wayne which is denominated a "supplemental and amended bill of complaint." The bill is filed by the plaintiff in his own behalf, and as trustee for Elbert W. Shirk, Edward C. Egan, and Atwater J. Treat. It sets forth the same facts, except in respect of the title of Ross, exhibited in the original bill, and asks for an injunction and for damages, and that Ross may have the full benefit and advantage of the proceedings had in the suit of Walker vs. The City of Ft. Wayne. It shows that on the 14th day of September, 1892, Walker transferred to Ross his entire right, title, and interest in and to the letters patent, and in and

to all rights of action and recovery for past infringements thereof, and all rights of whatsoever kind in respect thereto. The defendant has interposed a special demurrer to this bill of complaint, alleging in detail numerous reasons why it should be held to be insufficient. These various grounds of demurrer may be grouped, for the purpose of disposing of the questions involved, under three different heads, as follows:

(1) That the assignment and sale by Walker to Ross operated to divest the former of all right to, and interest in, the matter in question, and disabled him from the further maintenance of the suit; and that the latter could not be admitted to file any bill or pleading to revive and continue the proceeding; and that the bill filed by the former ought to be dismissed, and the latter required to bring a new suit.

(2) That the bill is defective because it is not alleged therein that the improvement claimed in the letters patent has not been patented or described in any printed publication in this or any foreign country.

(3) That the bill is without equity because the plaintiff is entitled, on his own showing, to no relief except for the recovery of damages for past infringements, and because the term of the patent had expired before the present plaintiff acquired any right to or interest in the suit which he now seeks to revive and prosecute.

It is firmly settled that a suit in equity must be prosecuted by and in the name of the real party in interest. Where the sole plaintiff, suing in his own right, is deprived of his whole interest in the matters in controversy by an event subsequent to the institution of the suit, as where the plaintiff has assigned his whole interest to another, the plaintiff is no longer able to prosecute for want of interest; and, as the assignee claims by a title which may be litigated, the benefit of the proceedings by the assignor cannot be obtained by an assignee by means of a supplemental or amended bill filed by him. Story, Eq. Pl. § 349; 2 Daniel, Ch. Pl. & Pr. (4th Amer. Ed.) 1518, 1519; Mills v. Hoag, 7 Paige, 18; Sedgwick v. Cleveland, Id. 287; Van Hook v. Throckmorton, 8 Paige, 33; Mason v. Railroad Co., 52 Me. 82, 107. The benefit of the proceedings had by the assignor may be obtained by the assignee by filing an original bill in the nature of a supplemental bill. See authorities supra. The bill filed by Ross contains all the material averments of an original bill, with the statement of supplemental matter showing the transfer of the rights in question subsequent to the institution of the suit. It is in the fullest sense an original bill in the nature of a supplemental bill; nor is this conclusion varied by the fact that the pleader has denominated it a "supplemental and amended bill." Its character must be determined by its frame and by the nature of its averments, and not from the name by which the pleader has designated it. The bill has been properly filed by Ross as assignee, and the suit cannot be dismissed nor the complaint held bad, on the sole ground that Walker has, since the institution of the suit, trans-

ferred his whole interest in the matters in question to the present plaintiff. The bill avers that Robert Bragg was the true, original, and first inventor of a certain new and useful improvement in gong attachments for engine houses, not known or used before said invention, and not, at the time of his application for a patent therefor, in public use or on sale for more than two years. It contains no averment that the improvement claimed had not been patented or described in any printed publication in this or any foreign country. The statute forbids the issuance of a patent for any improvement which has been previously patented or described in any printed publication in this or any foreign country. Rev. St. U. S. § 4886. And it has been held that the omission of an averment to the effect that the improvement had not been patented or described in any printed publication in this or any foreign country rendered the complaint demurrable where such defect was pointed out by special demurrer. Consolidated Brake-Shoe Co. v. Detroit Steel & Spring Co., 47 Fed. Rep. 894; Coop v. Institute, Id. 899; Overman Wheel Co. v. Elliott Hickory Cycle Co., 49 Fed. Rep. 859; Goebel v. Supply Co., 55 Fed. Rep. 825. The defect, however, is one going to the form, rather than to the substance, of the complaint, and in such case the defect may be cured by amendment.

The important and difficult question is whether the present plaintiff can maintain his bill on the equity side of the court. It is elementary that a party who has a plain, adequate, and complete remedy at law cannot successfully invoke the jurisdiction of a court of equity. The original plaintiff brought suit about two and a half months before the term of his patent expired. He prayed for an injunction in his bill, but took no steps to procure a temporary restraining order, or to bring the suit to a hearing, while he remained the party of record. While an application for a temporary restraining order might have been made before the term of his patent expired, yet, according to the course of procedure of the court, it would have been impracticable to have prosecuted the suit to final hearing and decree within that time. When the patent has expired, and the entire claim of the plaintiff against the defendant rests upon the infringing acts performed during the term, an action on the case for the recovery of damages generally affords a complete redress, and the only one to which the plaintiff is entitled. Consolidated Safety Valve Co. v. Ashton Valve Co., 26 Fed. Rep. 319; 3 Rob. Pat. § 1092. An adequate remedy at law exists in favor of the owner of the patent against the infringer whenever the sole relief required is compensation for past injury, provided the remedy can be afforded without equitable aid. When the plaintiff has chosen to seek his recompense for the enjoyment of his invention through an established license fee, and the infringing acts raise an implied acceptance of the offer, the sum which the plaintiff is entitled to recover is certain and fixed, and the remedy at law is adequate, and a court of equity is without jurisdiction; and, where the plaintiff has a mere right to the recovery of damages for past infringements,

equity is without jurisdiction. Ulman v. Chickering, 33 Fed. Rep. 582; Burdell v. Comstock, 15 Fed. Rep. 395; Root v. Railway Co., 105 U. S. 189; Spring v. Sewing Mach. Co., 13 Fed. Rep. 446; Jenkins v. Greenwald, 2 Fish. Pat. Cas. 37; Hayward v. Andrews, 12 Fed. Rep. 786. Where the bill is filed too late for a temporary injunction to issue before the expiration of the term secured by the patent, and the recovery of damages would afford adequate relief, jurisdiction in equity does not exist. Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. Rep. 217; Mershon v. Furnace Co., 24 Fed. Rep. 741; Davis v. Smith, 19 Fed. Rep. 823; Burdell v. Comstock, 15 Fed. Rep. 395; Racine Seeder Co. v. Joliet Wire Check Rower, Co., 27 Fed. Rep. 367. It has been held that a bill filed four days before the patent expired should be dismissed. Mershon v. Furnace Co., supra. Where a bill is filed five days before the expiration of the term, and no effort is made to obtain an injunction, the prayer for injunction will be held a mere pretext, and the case not of equitable cognizance. Burdell v. Comstock, supra. In Racine Seeder Co. v. Joliet Wire Check Rower Co., supra, where the bill was filed about two months before the patent expired, the court expressed grave doubt whether, under the rule in Root v. Railway Co., 105 U. S. 189, jurisdiction in equity existed, and resolved the doubt by dismissing the bill without prejudice to an action at law. While it is certainly true that, if a bill in equity to restrain the infringement of letters patent is properly filed before the expiration of the term, the jurisdiction of the court is not defeated by the mere expiration of the patent by lapse of time before the final decree, (Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. Rep. 1090,) yet where a bill is filed shortly before the expiration of the patent, and no application for a restraining order is made, and from the nature of the infringing acts complained of it is apparent that an action on the case would afford adequate relief, the bill ought to be dismissed. It is not necessary to determine whether the bill filed by Walker ought to have been dismissed, in the view that is taken of the rights of the present plaintiff. His rights were acquired by an assignment made two months after the patent had expired. It is true that the bill states that the improvement secured by the patent was transferred, but, as the patent had already expired, nothing remained capable of assignment except the mere right of action for the recovery of damages for past infringements. If the present plaintiff had filed an original bill to enforce his rights acquired under the assignment, made, as it was, after the expiration of the patent, a court of equity could not have entertained jurisdiction. He filed, nearly four months after the patent had expired, an original bill in the nature of a supplemental bill, exhibiting a right to recover damages for past infringing acts acquired under an assignment made two months after the expiration of the patent. By such assignment the plaintiff acquired the right to recover damages only for past infringements, because the patent right— the franchise—was incapable of transfer since it had ceased to exist. Walker had no vested right in the remedy which he could

sell and assign to the present plaintiff. For the recovery of damages for past infringements, which alone passed to the assignee, an action at law afforded the plaintiff adequate redress, and, in my judgment, the only redress to which he is entitled.

It follows that the demurrer should be sustained, and the bill dismissed. Let the bill be dismissed without prejudice to an action at law, if the plaintiff should be so advised.