VIGNERON et al. v. AUTO TIME SAVER REPAIR KIT CO.

(Circuit Court, D. Massachusetts. June 23, 1909.)

No. 486.

EQUITY (§ 296*)—PLEADING—SUPPLEMENTAL PLEADINGS.

An original bill, in the nature of a supplemental bill, filed by a complainant to bring in new facts, where a supplemental bill would have been proper, may be allowed to stand, where it is stipulated that proofs previously taken may be used, so that the defendant is not prejudiced.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 586; Dec. Dig. § 296.*]

In Equity. On demurrer.

Emery & Booth and Lawrence A. Janney, for complainants.
Roberts, Roberts & Cushman and Charles D. Woodberry, for defendant.

LOWELL, Circuit Judge. The bill of complaint as originally filed alleged that Vigneron was the patentee and the Auto Goods Company exclusive licensee under the patent. After the bringing of the bill, Vigneron alleged his assignment of the patent to the Auto Goods Company, and upon his petition, with the consent of the defendant, he was dismissed from the suit. After taking proofs,

and at the final hearing, the defendant objected that the suit was not maintainable by the Auto Goods Company, as no license to it had been proved. Without a determination of this objection, the Auto Goods Company thereupon applied for leave to file either a supplemental bill or an original bill in the nature of a supplemental bill, in order to set forth the conveyance of the patent from Vigneron to the Auto Goods Company. This was allowed upon terms; but the complainant was required to elect which form of bill it would file, and it elected the latter. To this bill the defendant has demurred, on the ground that a supplemental bill should have been employed, and that the form of bill selected by the complainant is inadmissible. The demurrer is addressed to the pleadings without regard to the evidence taken.

The original bill in effect alleged a division of the title to the patent between the complainants. The substantial right resided in the Auto Goods Company; the legal title, in Vigneron. It was said at the argument that the proofs taken show no evidence of the license, and so no evidence of the complainant's right to sue, as alleged in the original bill; but, as has been said, the court cannot now look at the evidence. The evidence has not crystallized into a finding by the court. It follows that the second bill alleges a conveyance of a part of the patent rights, which part was originally held by one complainant, to the other complainant, which originally held the rest of the title. Under these circumstances, the authorities seem to hold that a supplemental bill is admissible. This is an easier proceeding for the complainant than an original bill in the nature of a supplemental bill. He is not required under the former to take proofs anew, as he must do under the latter. The complainant has here made the more difficult choice. His amended bill before the court contains all the substantial allegations required both of an original bill in the nature of a supplemental bill, and of a supplemental bill proper, although it is entitled as the former exclusively. If the complainant will execute a stipulation (as his counsel offered in open court) to admit under the new bill the proofs taken under the old one, I do not see in what respect the defendant will suffer by the overruling of its demurrer, whatever the amended bill should technically be entitled. Ross v. Ft. Wayne (C. C.) 58 Fed. 404, 406. That a complainant should get the benefit of an original bill by filing a supplemental bill is a serious matter. That he should not lose the benefit of a supplemental bill, merely by styling it an original bill, seems reasonable, and as above guarded, cannot hurt anybody.

In his argument, counsel for the complainant suggested that his election to file an original bill in the nature of a supplemental bill was caused by an intimation from the court. In this suggestion he is altogether in error. No such intimation was given. The election was his own, and the court is in no way responsible for it.